UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEW ALBERTSON'S, INC., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> BRADY, VORWERCK, RYDER & CASPINO; ) <br> ESTATE OF W. DENNIS RICHARDSON, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: 2:10-cv-00284-GMN-VCF <br><br> **ORDER** |

This case involves allegations of legal malpractice and arises out of a previous attorney-client relationship between New Albertson's, Inc., and the law firm Brady, Vorwerck, Ryder & Caspino ("BVRC") and BVRC's former employee, attorney W. Dennis Richardson ("Richardson"), now deceased.

Pending before the Court is Defendant's Motion for Summary Judgment (ECF No. 27). Defendant argues that the applicable Nevada statute of limitations has run, and that therefore Plaintiff's causes of action fail as a matter of law. Plaintiff argues that the statute of limitations began to run on May 27, 2009, and Defendant argues that the statute of limitations began to run on January 5, 2008. As discussed below, the Court finds that the statute of limitations began to run on May 27, 2009. Accordingly, the Court holds that summary adjudication is not appropriate and will deny Defendant BVRC's Motion for Summary Judgment.

**I. BACKGROUND**

    **A. Procedural History**

On January 22, 2010, Plaintiff filed suit in state court against Defendants BVRC and Richardson. (Compl., Ex. B to Pet. Removal, ECF No. 1-3.) Defendant BVRC removed the action to this Court on March 1, 2010. (Pet. Removal, ECF No. 1.) Plaintiff's Complaint alleges

five causes of action arising out of BVRC and Richardson's prior legal representation of Albertson's: (1) Breach of Contract; (2) Breach of Fiduciary Duty; (3) Negligence (solely against BVRC); (4) Negligence (solely against Richardson); and (5) Respondeat [sic] Superior. (*Id.*)

On January 27, 2011, the Court dismissed without prejudice Plaintiff's cause of action against Richardson for failure to effect timely service pursuant to Federal Rule of Civil Procedure 4(m). (Order, Jan. 27, 2011, ECF No. 22.) Therefore, Plaintiff's only remaining claims are for breach of contract, breach of fiduciary duty, negligence and respondeat superior against BVRC.

In the instant motion, BVRC requests summary judgment in their favor on all of Plaintiff's remaining causes of action on the grounds that Plaintiff's claims were filed after the statute of limitations had expired.

**B.    The Underlying State Court Case**

The facts of the underlying case are extensively detailed in the Exhibits submitted by the parties. (*See* Exs. A-KK to Def.'s MSJ, ECF No. 27; Exs. 1-30 to Pl.'s Resp. to MSJ, ECF No. 32.) However, the Court will briefly summarize the facts forming the background of this motion.

In January 2006, Joan and Derek Newton filed suit against Albertson's Inc., d/b/a/ Albertson's ("Albertson's"), and against Farm Road Retail, LLC ("Farm Road"). The causes of action in the Newton Complaint were based on Joan Newton's slip and fall on concrete stairs located at the Albertson's-owned store at 8410 Farm Road, Las Vegas, Nevada. Albertson's and Farm Road had previously entered into a Common Area Maintenance Agreement ("CAMA") in which Farm Road agreed to indemnify Albertson's from certain negative legal outcomes resulting from any breach of the CAMA by Farm Road. Albertson's retained BVRC as counsel and Richardson was assigned to the case. In February 2006, Richardson filed an Answer denying all liability and filed a Cross Claim against Farm Road based on Farm Road's initial

refusal to indemnify Albertson's for the Newton Complaint and refusal to accept Albertson's Tender of Defense.

In June and July of 2006, the Newtons served Albertson's with their First Set of Requests for Admissions. No timely response was filed by Albertson's counsel, and no request for an extension was filed. During this time, Richardson and counsel for Farm Road continued to negotiate the tender of defense and the contemplated substitution of counsel. In September 2006, Richardson belatedly served the Newtons with discovery responses on behalf of Albertson's. The Newtons filed a Motion to Compel based on the untimely and allegedly deficient responses and the Clark County District Court signed the Discovery Commissioner's Report and Recommendations in December 2006, which found that "Albertsons' written discovery responses are frivolous and an insult to the Plaintiffs and the court." The court then ordered that Albertson's re-submit the responses, which Richardson did. However, the Newtons then filed a partial Motion for Summary Judgment on the issue of liability, alleging that the Supplemental Responses filed by Richardson knowingly violated the court's order. The District Court granted Newtons' motion on November 20, 2007, which conclusively established Albertson's liability for the Newtons' damages.

### C. Settlement Agreement with the Newtons

On January 5, 2008, the Newtons and Albertson's executed a settlement agreement for $3.25 million. (Ex. 14 to Pl.'s Resp. to MSJ.) The agreement provided that:

> 2. The above payment on behalf of Albertsons shall in no way constitute a waiver of Albertsons' right to proceed with the pending litigation that has been severed by the Court between Albertsons, Farm Road Retail and Laurich Properties, Inc.

\* \* \*

6. The final allocation of the settlement funds between Joan Newton and her husband, Derek Newton, shall be determined by Judge Williams, and approved by the Guardianship Court.

(*Id.*) Defendant BVRC argues that the statute of limitations began to run on this date.

### D. Indemnification Cross-claim against Farm Road

In June 2008, Farm Road filed a Motion for Summary Judgment on Albertson's Cross Claim, which the District Court granted in October 2008. The District Court granted Farm Road's Motion for Summary Judgment and filed its order on January 13, 2009, stating that:

> Albertson causes of action for (1) Breach of contract, (2) Express indemnity and (3) Breach of express warranty are not viable against Farm Road Retail, LLC because Albertsons settlement was the direct result of discovery abuses committed by Albertson.

(Dist. Ct. Order, 2:11-15, Ex. 18 to Pl.'s Resp. to MSJ.) Plaintiff then appealed the District Court's order to the Nevada Supreme Court. (Ex. 19 to Pl.'s Resp. to MSJ.) During the mandatory Nevada Supreme Court settlement conference on April 22, 2009, Farm Road and Plaintiff agreed to a settlement. (Status Report, Ex. 21 to Pl.'s Resp. to MSJ.) Pursuant to the settlement conference, the Supreme Court of Nevada issued its Order Dismissing Appeal on May 27, 2009. (Ex. 25 to Pl.'s Resp. to MSJ.) Plaintiff argues that the statute of limitations began to run on this date, and the Court agrees, as discussed below.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

### III.   DISCUSSION

Because the instant motion centers around the Nevada statute of limitations and judicial construction of the statute in Nevada courts, the Court will first discuss the relevant statutory history and case law before addressing Defendant's primary arguments.

### A.    Nevada's Statute of Limitations on Attorney Malpractice Actions

Nevada law provides a statute of limitations for attorney malpractice actions which requires commencement "within 4 years after the plaintiff sustains damage or within 2 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the material facts which constitute the cause of action, whichever occurs earlier." NRS 11.207(1).  The statute provides for tolling of the time limitation if the attorney "conceals any act, error or omission upon which the action is founded and which is known or through the use of reasonable diligence should have been known to the attorney." NRS 11.207(2).

The Nevada Supreme Court has provided an additional basis for extending the time limit, holding that the statute of limitations "does not commence to run against a cause of action for attorney malpractice until the conclusion of the underlying litigation wherein the malpractice allegedly occurred." *K.J.B., Inc. v. Drakulich*, 811 P.2d 1305, 1306 (Nev. 1991) (per curiam) ("synthesizing" NRS 11.207(1) with the holding in *Semenza v. Nevada Med. Liability Ins. Co.*, 765 P.2d 184, 186 (Nev. 1988)).[1]

Accordingly, and citing Nevada case law in support, Plaintiff argues that the underlying litigation did not conclude until May 27, 2009, when the Nevada Supreme Court issued its order dismissing Plaintiff's appeal. (Pl.'s Resp. to MSJ, 9:14-15.)  Plaintiff's discussion in its Response focuses on three Nevada Supreme Court cases, *Semenza v. Nevada Med. Liability Ins. Co.*, 765 P.2d 184 (Nev. 1988), *Kopicko v. Young*, 971 P.2d 789 (Nev. 1998), and *Hewitt v. Allen*, 43 P.3d 345 (Nev. 2002).

### B.    The 1997 Amendment to the Statute

The court in *Drakulich* relied upon and quoted the version of the statute in existence as of

---

[1] Quoting *Semenza*, 765 P.2d at 186, the *Drakulich* court explained that "[w]here there has been no final adjudication of the client's case in which the malpractice allegedly occurred, the element of injury or damage remains speculative and remote, thereby making premature the cause of action for professional negligence." *Id*. However, as the parties in *Drakulich* argued and the court acknowledged, the *Semenza* holding left unanswered the question of "whether the statute of limitations would be tolled against a cause of action for attorney malpractice pending the outcome of the underlying lawsuit in which the malpractice allegedly occurred." *Id*.  Therefore, the *Drakulich* court intended its holding to resolve that issue. *See id*.

1991:

> No action against any . . ., attorney . . . to recover damages for malpractice, whether based on a breach of duty or contract, may be commenced more than 4 years after the plaintiff sustains damage and discovers or through the use of reasonable diligence should have discovered the material facts which constitute the cause of action.

811 P.2d at 1306 n.2 (emphasis omitted).

Effective July 1, 1997, the Nevada Legislature amended the statute and reduced the time limitation down to two years after plaintiff's discovery of the facts constituting the cause of action. *See* Nev. Stats., Ch. 184, §§ 2, 4, p. 478. In 2002, the Nevada Supreme Court discussed and reiterated the general rule regarding malpractice actions:

> [L]egal malpractice is "premised upon an attorney-client relationship, a duty owed to the client by the attorney, breach of that duty, and the breach as proximate cause of the client's damages."  As a general rule, a legal malpractice action does not accrue until the plaintiff knows, or should know, all the facts relevant to the foregoing elements and damage has been sustained. In the context of litigation malpractice, that is, legal malpractice committed in the representation of a party to a lawsuit, damages do not begin to accrue until the underlying legal action has been resolved.  Thus, when the malpractice is alleged to have caused an adverse ruling in an underlying action, the malpractice action does not accrue while an appeal from the adverse ruling is pending.  The general rule regarding legal malpractice actions and appeals is based on the rationale that "apparent damage may vanish with successful prosecution of an appeal and ultimate vindication of an attorney's conduct by an appellate court."

*Hewitt v. Allen*, 43 P.3d 345, 347-48 (Nev. 2002) (en banc) (quoting *Semenza v. Nevada Med. Liability Ins. Co.*, 765 P.2d 184, 185-186 (Nev. 1988)) (footnotes omitted).  The court recognized that defendants in a legal malpractice action can assert affirmative defenses where a plaintiff fails to pursue an appeal of an adverse ruling in the underlying litigation, noting that this is "commonly raised under theories of abandonment or failure to mitigate damages, but can also be asserted as part of a claim that the malpractice action is premature." *Id*. at 348.

However, neither the *Hewitt* opinion nor any other Nevada Supreme Court opinion directly addresses the effect of the 1997 amendment to NRS 11.207.

### C.  Defendant's Arguments

Conceding that "the Nevada Supreme Court has not addressed the two-year prong of NRS 11.207(1) in a published opinion," Defendant argues nevertheless that the 1997 amendment "was substantial and effectively overruled all of the case law Plaintiff relies on to oppose this motion." (Def.'s Reply to MSJ, 2:14-16, 8:7-8, ECF No. 37.)  Accordingly, Defendant argues that "[a]t the latest, Plaintiff's cause of action for legal malpractice accrued on January 5, 2008, the date it settled the underlying case for $3.25 million through its new attorneys," and that Plaintiff's January 22, 2010 filing of the instant lawsuit was therefore "more than two years after Plaintiff settled the underlying claim." (Def.'s Reply to MSJ, 2:7-10.)

Lacking clear-cut precedent, Defendant argues that the Court should make its determination based on the "plain and unambiguous" language of the statute.  Defendant moves the Court to find that Plaintiff's claims are barred by the statute of limitations because of the following statutory language: "…or within 2 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the material facts which constitute the cause of action, whichever occurs earlier."

However, all of Defendant's arguments are unavailing.  Tolling of the statute pending final adjudication of the underlying litigation is a court-created rule, and is not addressed in the statute. *See Semenza*, 765 P.2d at 186 (affirming the trial court's dismissal without prejudice of a cause of action for attorney malpractice on the grounds that the action was premature, and holding that a cause of action for professional negligence is premature where there has been no final adjudication of the client's case in which the malpractice allegedly occurred, because the element of injury or damage remains speculative and remote); *Drakulich*, 811 P.2d at 1306 ("synthesizing" NRS 11.207(1) with the *Semenza* holding).  Therefore, despite Defendant's

argument to the contrary, this court finds that the statute is not plain and unambiguous on this issue.

In the fifteen years since NRS 11.207 was amended, the Nevada Supreme Court has modified the rule only to the extent that a distinction may now be drawn between litigation-based and transaction-based causes of action for legal malpractice. *See Kopicko v. Young*, 971 P.2d 789 (Nev. 1998) (overruling *Gonzales v. Stewart Title*, 905 P.2d 176 (Nev. 1995) in part, to the extent that *Gonzales* "rejects a distinction between transactional and litigation malpractice"); *see also Hewitt*, 43 P.3d at 348 ("In the context of litigation malpractice, that is, legal malpractice committed in the representation of a party to a lawsuit, damages do not begin to accrue until the underlying legal action has been resolved." (citing *Kopicko v. Young*, 971 P.2d 789 (Nev. 1998))). Because the Nevada Supreme Court has addressed the rule in multiple cases since the 1997 amendment, and has continued to re-state the rule as set forth in *Semenza*, the Court is not persuaded that all case law prior to 1997 is effectively overruled. *See*, *e.g.*, *Hewitt*, 43 P.3d at 348 ("[W]hen the malpractice is alleged to have caused an adverse ruling in an underlying action, the malpractice action does not accrue while an appeal from the adverse ruling is pending." (citing *Semenza*, 765 P.2d at 186.)).

As the *Hewitt* court recognized, where litigation is not pursued to its conclusion, plaintiffs in legal malpractice actions may face affirmative defenses based on theories of abandonment or failure to mitigate damages, or that the malpractice action is premature. In fact, in this case, Defendant BVRC's own Answer asserts a defense of failure to mitigate damages. (*See* Answer, 19th Affirmative Defense, 9:26-27, ECF No. 5.) Lacking controlling case law, the Court finds that a result consistent with Defendant's arguments would be unreasonable and contrary to precedent, and rejects them accordingly.

## IV. CONCLUSION

The Court concludes that, as a matter of law, Plaintiffs filed suit within the applicable

statute of limitations as the cause of action did not accrue until May 27, 2009 when the Nevada Supreme Court issued its order dismissing Plaintiff's appeal.  Accordingly, the Court cannot find that a reasonable jury could return a verdict for Defendant on this issue.  Because summary judgment is therefore inappropriate, the Court will deny Defendant's Motion for Summary Judgment.

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 27) is **DENIED**.

DATED this 28th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge