UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEW ALBERTSON'S, INC., ) <br> ) <br>    Plaintiff, ) <br> ) <br>   vs. ) <br> ) <br> BRADY, VORWERCK, RYDER & ) <br> CASPINO; ESTATE OF W. DENNIS ) <br> RICHARDSON, ) <br> ) <br>    Defendants. ) <br> ) | Case No.: 2:10-cv-00284-GMN-VCF <br><br> **ORDER** |

This case involves allegations of legal malpractice and arises out of a previous attorney-client relationship between New Albertson's, Inc., and the law firm Brady, Vorwerck, Ryder & Caspino ("BVRC") and BVRC's former employee, attorney W. Dennis Richardson ("Richardson"), now deceased.  On January 27, 2011, the Court dismissed the action without prejudice as to Richardson. (Order, Jan. 27, 2011, ECF No. 22.)

Pending before the Court is Defendant BVRC's Motion to Reconsider, or in the Alternative, Motion to Certify Question to the Nevada Supreme Court, or in the Alternative, Motion to Certify Order for Immediate Appeal (ECF No. 66).  For the reasons discussed below, the Court will grant Defendant's Motion to Certify Question to the Nevada Supreme Court, and will deny Defendant's Motion to Reconsider and Motion to Certify Order for Immediate Appeal.

**I.     BACKGROUND**

On March 28, 2012, the Court issued its Order denying Defendant's Motion for Summary Judgment. (ECF No. 64.) In that motion, Defendant argued that the applicable Nevada statute of limitations has run, and that therefore Plaintiff's causes of action fail as a matter of law. Plaintiff's position is that the statute of limitations began to run on May 27, 2009, and

Defendant contends that the statute of limitations began to run on January 5, 2008, at the latest. In its Order, the Court found that the statute of limitations began to run on May 27, 2009, but noted that no Nevada Supreme Court opinion appears to have directly addressed the effect of a 1997 amendment to the statute of limitations. Ultimately, the Court stated that "[l]acking controlling case law, the Court finds that a result consistent with Defendant's arguments would be unreasonable and contrary to precedent, and rejects them accordingly." (Order, March 28, 2012, ECF No. 64.)

With the instant motion, Defendant moves the Court to reconsider its Order pursuant to Federal Rule of Civil Procedure 59(e). In the alternative, Defendant moves the Court to certify the question to the Nevada Supreme Court pursuant to Nevada Rule of Appellate Procedure 5. And finally, in the alternative, Defendant moves the Court to certify the Order for immediate appeal.

## II. DISCUSSION

As discussed below, the Court finds no basis on which to grant Defendant's Motion to Reconsider under Federal Rule of Civil Procedure 59. The Court will, however, grant Defendant's Motion for Certification of Question to the Nevada Supreme Court. Defendant's Motion to Certify Order for Immediate Appeal, as well as any other pending motions, will be denied without prejudice, with permission to re-file upon resolution of the question certified to the Nevada Supreme Court.

### A. Motion for Reconsideration

Federal Rule of Civil Procedure 59 governs motions for a new trial, as well as motions to alter or amend a judgment in certain cases where summary judgment has been granted. Fed. R. Civ. P. 59; *see School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). Here, there has been no trial and no grant of summary judgment, therefore this rule provides no basis for the Court to reconsider its Order denying summary

judgment.

Federal Rule of Civil Procedure 60 does provide a standard by which the Court might reconsider its Order. This rule, governing relief from a judgment or order, provides in part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d at 1263.

Here, Defendant argues that the "Court's Order interpreting Nevada law was so overreaching to make the legislature-made revisions to NRS 11.207(1) essentially null and void," and that it "does not believe that this is a permissible interpretation under the Statute." (Mot. to Reconsider, 5:18-19, 6:3, ECF No. 66.) Defendant's arguments for reconsideration take up half of the brief and appear to be the same or similar arguments brought in the motion for summary judgment and already considered by the Court. The Court finds that this is not a basis for reconsideration of the Order denying summary judgment. Finding no other basis justifying relief, the Court will deny the motion.

///

**B.     Motion for Certification of Question to the Nevada Supreme Court**

The Nevada Supreme Court may answer questions of law "which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5.[1]  Here, the question of law that may determine the outcome of this action by depriving this Court of jurisdiction is whether the applicable Nevada statute of limitations has run.  This Court finds that the Nevada Supreme Court has not directly addressed the question, and courts of this District do not appear to have addressed the question.

**1.     Facts Relevant to the Question**

*a.   Procedural History*

Before removal to this Court, Plaintiff filed suit in state court on January 22, 2010, against Defendants BVRC and Richardson. (Compl., Ex. B to Pet. Removal, ECF No. 1-3.) Plaintiff's Complaint alleges five causes of action arising out of BVRC and Richardson's prior legal representation of Albertson's: (1) Breach of Contract; (2) Breach of Fiduciary Duty;

---

[1] Nevada Rule of Appellate Procedure 5, "Certification of Questions of Law," provides, in part:

> (a) Power to Answer.  The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or of the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.
> (b) Method of Invoking.  This Rule may be invoked by an order of any of the courts referred to in Rule 5(a) upon the court's own motion or upon the motion of any party to the cause.
> (c) Contents of Certification Order.  A certification order shall set forth:
>    (1)  The questions of law to be answered;
>    (2)  A statement of all facts relevant to the questions certified;
>    (3)  The nature of the controversy in which the questions arose;
>    (4)  A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
>    (5)  The names and addresses of counsel for the appellant and respondent; and
>    (6)  Any other matters that the certifying court deems relevant to a determination of the questions certified.

(3) Negligence (solely against BVRC); (4) Negligence (solely against Richardson); and (5) Respondent [sic] Superior. (*Id.*)

On January 27, 2011, the Court dismissed the action without prejudice as to Richardson for Plaintiff's failure to effect timely service pursuant to Federal Rule of Civil Procedure 4(m). (Order, Jan. 27, 2011, ECF No. 22.) Therefore, Plaintiff's remaining claims are for breach of contract, breach of fiduciary duty, negligence and respondeat superior against BVRC.

### b. The Underlying State Court Case

The facts of the underlying case are extensively detailed in the Exhibits submitted by the parties. (*See* Exs. A-KK to Def.'s MSJ, ECF No. 27; Exs. 1-30 to Pl.'s Resp. to MSJ, ECF No. 32.) However, the Court will briefly summarize the facts forming the background of this motion.

In January 2006, Joan and Derek Newton filed suit against Albertson's Inc., d/b/a/ Albertson's ("Albertson's"), and against Farm Road Retail, LLC ("Farm Road"). The causes of action in the Newton Complaint were based on Joan Newton's slip and fall on concrete stairs located at the Albertson's-owned store at 8410 Farm Road, Las Vegas, Nevada. Albertson's and Farm Road had previously entered into a Common Area Maintenance Agreement ("CAMA") in which Farm Road agreed to indemnify Albertson's from certain negative legal outcomes resulting from any breach of the CAMA by Farm Road. Albertson's retained BVRC as counsel and Richardson was assigned to the case. In February 2006, Richardson filed an Answer denying all liability and filed a Cross-Claim against Farm Road based on Farm Road's initial refusal to indemnify Albertson's for the Newton Complaint and refusal to accept Albertson's Tender of Defense.

In June and July of 2006, the Newtons served Albertson's with their First Set of Requests for Admissions. No timely response was filed, and no request for an extension was filed. During this time, Richardson and counsel for Farm Road continued to negotiate the tender of defense and the contemplated substitution of counsel. In September 2006, Richardson belatedly

served the responses on behalf of Albertson's. After the Newtons filed a Motion to Compel based on the untimely and allegedly deficient responses, the Clark County District Court signed the Discovery Commissioner's Report and Recommendations in December 2006, which stated that "Commissioner finds that Albertsons' written discovery responses are frivolous and an insult to the Plaintiffs and the court." The District Court ordered that Albertson's re-file the responses, which Richardson did. However, the Newtons then filed a partial Motion for Summary Judgment on the issue of liability, alleging that the Supplemental Responses filed by Richardson knowingly violated the court's order. The District Court granted the Newtons' motion on November 20, 2007, which conclusively established Albertson's liability for the Newtons' damages.

### c. Settlement Agreement with the Newtons

On January 5, 2008, the Newtons and Albertson's executed a settlement agreement for $3.25 million. (Ex. 14 to Pl.'s Resp. to MSJ.) The agreement provided that:

> 2. The above payment on behalf of Albertsons shall in no way constitute a waiver of Albertsons' right to proceed with the pending litigation that has been severed by the Court between Albertsons, Farm Road Retail and Laurich Properties, Inc.
> * * *
> 6. The final allocation of the settlement funds between Joan Newton and her husband, Derek Newton, shall be determined by Judge Williams, and approved by the Guardianship Court.

(*Id.*) Defendant BVRC argues that the statute of limitations began to run on this date.

### d. Indemnification Cross-claim against Farm Road

In June 2008, Farm Road filed a Motion for Summary Judgment on Albertson's Cross-Claim, which the District Court granted in October 2008. The District Court granted Farm Road's Motion for Summary Judgment and filed its Order on January 13, 2009, stating that:

> Albertson causes of action for (1) Breach of contract, (2) Express indemnity and (3) Breach of express warranty are not viable against Farm Road Retail, LLC because Albertsons settlement was the direct result of discovery abuses committed by Albertson.

(Dist. Ct. Order, 2:11-15, Ex. 18 to Pl.'s Resp. to MSJ.)  Plaintiff then appealed the District Court's Order to the Nevada Supreme Court. (Ex. 19 to Pl.'s Resp. to MSJ.)  During the mandatory Nevada Supreme Court settlement conference on April 22, 2009, Farm Road and Plaintiff agreed to a settlement. (Status Report, Ex. 21 to Pl.'s Resp. to MSJ.)  Pursuant to the settlement conference, the Supreme Court of Nevada issued its Order Dismissing Appeal on May 27, 2009. (Ex. 25 to Pl.'s Resp. to MSJ.)  Plaintiff argues that the statute of limitations began to run on this date.

### 2. Nature of the Controversy

Nevada law provides a statute of limitations on attorney malpractice actions that requires commencement "within 4 years after the plaintiff sustains damage or within 2 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the material facts which constitute the cause of action, whichever occurs earlier." NRS 11.207(1). The statute provides for tolling of the time limitation if the attorney "conceals any act, error or omission upon which the action is founded and which is known or through the use of reasonable diligence should have been known to the attorney." NRS 11.207(2).

The Nevada Supreme Court has provided an additional basis for extending the time limit, holding that the statute of limitations "does not commence to run against a cause of action for attorney malpractice until the conclusion of the underlying litigation wherein the malpractice allegedly occurred." *K.J.B., Inc. v. Drakulich*, 811 P.2d 1305, 1306 (Nev. 1991) (per curiam) ("synthesizing" NRS 11.207(1) with the holding in *Semenza v. Nevada Med. Liability Ins. Co.*, 765 P.2d 184, 186 (Nev. 1988)).[2]

---

[2] Quoting *Semenza*, 765 P.2d at 186, the *Drakulich* court explained that "[w]here there has been no final adjudication of the client's case in which the malpractice allegedly occurred, the element of injury or damage remains speculative and remote, thereby making premature the cause of action for professional negligence." *Id.* However, as the parties in *Drakulich* argued and the court acknowledged, the *Semenza* holding left unanswered the question of "whether the statute of limitations would be tolled against a cause of action for attorney malpractice pending the outcome of the underlying lawsuit in which the malpractice allegedly occurred." *Id.* Therefore, the *Drakulich* court intended its holding to resolve that issue. *See id.*

The court in *Drakulich* relied upon and quoted the version of the statute in existence as of 1991:

> No action against any . . ., attorney . . . to recover damages for malpractice, whether based on a breach of duty or contract, may be commenced more than 4 years after the plaintiff sustains damage and discovers or through the use of reasonable diligence should have discovered the material facts which constitute the cause of action.

811 P.2d at 1306 n.2 (emphasis omitted).

Effective July 1, 1997, the Nevada Legislature amended the statute and cut the time limitation to two years after plaintiff's discovery of the facts constituting the cause of action. *See* Nev. Stats., Ch. 184, §§ 2, 4, p. 478.  No published Nevada Supreme Court opinion has directly addressed the effect of the 1997 amendment.

On January 5, 2008, the Newtons and Albertson's executed a settlement agreement for $3.25 million, therefore Defendant argues that "Plaintiff discovered the 'material facts' constituting the alleged malpractice no later than January 5, 2008," which is when the statute of limitations began to run. (Def.'s Reply to MSJ, 2:14-16, 22-23, ECF No. 37.)  Plaintiff argues that the statute of limitations began to run when the Supreme Court of Nevada issued its Order Dismissing Appeal on May 27, 2009, pursuant to the settlement conference between Farm Road and Plaintiff.

Because Plaintiff filed suit in state court on January 22, 2010, just over two years after the January 5, 2008 settlement with the Newtons, a dispositive question is whether the statute of limitations was tolled pending the outcome of Plaintiff's indemnification cross-claim against Farm Road.  If it was tolled, then the statute of limitations would have expired on May 27, 2011, well after Plaintiff filed suit in state court.

The statute requires a malpractice lawsuit to be filed "within 4 years after the plaintiff

sustains damage or within 2 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the material facts which constitute the cause of action, whichever occurs earlier." NRS 11.207(1).  The Nevada Supreme Court has held that the statute of limitations "does not commence to run against a cause of action for attorney malpractice until the conclusion of the underlying litigation wherein the malpractice allegedly occurred." *Drakulich*, 811 P.2d at 1306.

Defendant argues that the 1997 amendment "was substantial and effectively overruled all of the case law Plaintiff relies on to oppose this motion," which includes *Drakulich* and *Semenza.* (*See* Def.'s Reply to MSJ, 2:14-16.)

### 3.   Question of Law

Accordingly, the Court will certify the following question of law:

*Whether the statute of limitations in NRS 11.207, as revised by the Nevada legislature in 1997, is tolled against a cause of action for attorney malpractice pending the outcome of the underlying lawsuit in which the malpractice allegedly occurred.*

### C.   Motion for Certification for Immediate Appeal

Because the Court will certify the question to the Nevada Supreme Court, Defendant's motion in the alternative to certify the Order for immediate appeal will be denied without prejudice, along with all other pending motions, with permission to re-file upon resolution of the Court's certified question.

## III.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant BVRC's Motion to Reconsider, or in the Alternative, Motion to Certify Question to the Nevada Supreme Court, or in the Alternative, Motion to Certify Order for Immediate Appeal (ECF No. 66) is **DENIED in part, and GRANTED in part**.  The Motion to Reconsider is **DENIED**.  The Motion to Certify Question

to the Nevada Supreme Court is **GRANTED**, as follows.

The following question of law is **CERTIFIED to the Nevada Supreme Court** pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

> *Whether the statute of limitations in NRS 11.207, as revised by the Nevada legislature in 1997, is tolled against a cause of action for attorney malpractice pending the outcome of the underlying lawsuit in which the malpractice allegedly occurred.*

*See* Nev. R. App. P. 5(c)(1). The nature of the controversy and a statement of facts are discussed above. *See* Nev. R. App. P. 5(c)(2)–(3). Because Defendant is the movant, it is designated as the Appellant, and Plaintiff is designated as the Respondent. *See* Nev. R. App. P. 5(c)(4). The names and addresses of counsel are as follows:

**Counsel for Plaintiff**

Richard A. Englemann, Dennis M. Prince, and Eric N. Tran
Prince & Keating, LLP
3230 So. Buffalo Drive, Suite 108
Las Vegas, NV 89117

**Counsel for Defendant**

Joseph P. Garin and Kaleb D. Anderson
Lipson Neilson Cole Seltzer & Garin, P.C.
9080 West Post Road, Suite 100
Las Vegas, NV 89148

*See* Nev. R. App. P. 5(c)(5). Further elaboration upon the certified question is included in this Order and in the Court's March 28, 2012, Order denying summary judgment (ECF No. 64). *See* Nev. R. App. P. 5(c)(6).

**IT IS FURTHER ORDERED** that the Clerk shall forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada. *See* Nev. R. App. P. 5(d).

**IT IS FURTHER ORDERED** that all other pending motions, including the Motion to Certify Order for Immediate Appeal, are **DENIED without prejudice**, with permission to re-file upon resolution of the Court's Certified Question to the Nevada Supreme Court.

DATED this 20th day of September, 2012.

_____
Gloria M. Navarro
United States District Judge