UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| New Albertson's, Inc., ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:10-cv-00284-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| Brady, Vorwerck, Ryder & Caspino, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is Defendant Brady, Vorwerck, Ryder & Caspino ("BVRC")'s "Emergency Motion for Clarification and/or Modification of Order Dated September 20, 2012 and Motion for Entry of Certification Order Pursuant to NRAP 5(c)" (ECF No. 88). Plaintiff New Albertson's, Inc. ("New Albertson's") filed a Response (ECF No. 91) and Defendant filed a Reply (ECF No. 92).

**I.   BACKGROUND**

On September 20, 2012, the Court granted Defendant's Motion to Certify Question to the Nevada Supreme Court, certifying the following question pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

> *Whether the statute of limitations in NRS 11.207, as revised by the Nevada legislature in 1997, is tolled against a cause of action for attorney malpractice pending the outcome of the underlying lawsuit in which the malpractice allegedly occurred.*

(Order, Sept. 20, 2012, ECF No. 86.)

Pursuant to Rule 5, the Court determined that this question of law may be determinative in its analysis of the cause now pending in this action.

## II. DISCUSSION

With the instant motion, Defendant notes that it has "no objection the Court's characterization of the facts and nature of the controversy as enumerated in the certification order." (ECF No. 88.) However, Defendant argues that the question certified by the Court "is potentially misleading in its description of the underlying litigation" and requests that the Court "clarify" its "oversight" by reformulating the question to read:

> *Whether the statute of limitations in NRS 11.207, as revised by the Nevada legislature in 1997, is tolled against a cause of action for attorney malpractice where the underlying lawsuit in which the malpractice allegedly occurred has been settled and dismissed, but where there is still a pending tort defendant's cross-complaint for indemnity against a third party.*

(*Id.*) Defendant also requests that the Court certify a second question "so that the Nevada Supreme Court be given the opportunity to opine as to the meaning of the amended version of the statute":

> *Whether discovery of the "material facts that constitute the cause of action" as set forth in NRS 11.207 requires certainty of damages or is discovery of an appreciable harm to Plaintiff sufficient to commence the period of limitations under NRS 11.207.*

(*Id.*)

As Plaintiff notes in its opposition, "[t]he question of law as phrased by this Court is sufficient to be dispositive of this case." (ECF No. 91.) The purpose of certifying a question is not so that the Nevada Supreme Court may decide a case on the merits, or on the facts of a case. Instead, and as explained in Rule 5, it is questions *of law* that are properly certified so that the Court may determine the merits of a cause of action before it.

Here, the Court finds that the question already certified to the Nevada Supreme Court is

sufficient to answer the question of law that may be determinative for this Court, in this action. The Court finds that the modified question and the additional question proposed by Defendant are unnecessary and not appropriate for certification to the Nevada Supreme Court. Accordingly, the motion will be denied.

### III.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's "Emergency Motion for Clarification and/or Modification of Order Dated September 20, 2012 and Motion for Entry of Certification Order Pursuant to NRAP 5(c)" (ECF No. 88) is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is stayed pending resolution of the Court's certified question to the Nevada Supreme Court. (*See* Order, Sept. 20, 2012, ECF No. 86.)

**DATED** this 16th day of November, 2012.

_____
Gloria M. Navarro
United States District Judge